IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIA JORDAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SPECIAL AGENT JOHN CASHMAN | : | NO. 11-1148 |

**MEMORANDUM**

Padova, J.                                                                                                                          May 24, 2011

Defendant Special Agent John Cashman has filed a Motion to Dismiss Plaintiff's Amended Complaint, which asserts claims under 42 U.S.C. § 1983 for false arrest, malicious prosecution, and violation of her due process rights, as well as a claim under the Pennsylvania Constitution. For the reasons that follow, we grant the Motion insofar as it seeks dismissal of the due process and Pennsylvania constitutional claims, but we deny the Motion insofar as it seeks dismissal of the false arrest and malicious prosecution claims.

**I.    BACKGROUND**

The facts as set forth in the Amended Complaint and the documents upon which the Amended Complaint relies are as follows.[1] On January 4, 2001, Plaintiff Tia Jordan purchased a .45 caliber Ruger Handgun as a gift to her then-boyfriend, Dion Jordan. (Am. Compl. ¶ 3.) At the time of the purchase, the law required gun purchasers to complete a federal form known as the ATF Form

---

[1] Plaintiff's Amended Complaint makes a number of allegations concerning the contents of an Affidavit of Probable Cause and two forms from the Bureau of Alcohol, Tobacco and Firearms ("ATF"). Defendant has attached all three of these documents to his Memorandum of Law in Support of his Motion to Dismiss. Because documents "integral to or explicitly relied upon in the complaint" may be considered in connection with a motion to dismiss, In re Burlington Coat Factory Litig., 114 F.3d 1410, 1426 (3d Cir. 1997), we will consider the three attached documents in ruling on Defendant's Motion. See also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document." (citations omitted)).

4473. (Id. ¶ 4.) Question 9(a) of the form asked: "Are you the actual buyer of the firearm indicated on this form? If you answer 'no' to this question the dealer cannot transfer the firearm to you. (*See Important Notice 1*.)" (Id. ¶ 5; Ex. 1 to Def.'s Mem. of Law in Supp. of Mot. to Dismiss ("Def.'s Mem.") at 1 ¶ 9(a).) "Important Notice 1" was on the reverse side of the form. (Id. ¶ 6.) It provided as follows:

> WARNING – The federal firearms laws require that the individual filling out this form must be buying the firearm for himself or herself or as a gift. Any individual who is not buying the firearm for himself or herself or as a gift, but who completes this form, violates the law. Example: Mr. Smith asks Mr. Jones to purchase a firearm for Mr. Smith. Mr. Smith gives Mr. Jones the money for the firearm. If Mr. Jones fills out this form, he will violate the law. However, if Mr. Jones buys a firearm with his own money to give to Mr. Smith as a birthday present, Mr. Jones may lawfully complete this form. A licensee who knowingly delivers a firearm to an individual who is not buying the firearm for himself or herself or as a gift violates the law by maintaining a false ATF F 4473.

(Id. ¶ 6; Ex. 1 to Def.'s Mem. at 3 ¶ 1.) Because Plaintiff was purchasing the firearm as a gift for Dion Jordan and was using her own money, she answered "yes" to Question 9(a). (Am. Compl. ¶ 7.)

On June 13, 2001, Plaintiff purchased a second firearm as a gift for Dion Jordan. (Id. ¶ 8.) She again filled out an ATF Form 4473, which was the same version of the form that she had filled out in January of that year. (Id. ¶¶ 9-10; Ex. 2 to Def.'s Mem. at 3 ¶ 1.) Again, because Plaintiff was buying the firearm as a gift for Jordan, and because she was using her own money to purchase the firearm, she answered "yes" to Question 9(a). (Am. Compl. ¶ 11.)

Six years later, on December 12, 2007, Plaintiff called the police, seeking assistance in connection with a domestic dispute with Jordan, to whom she was then married. (Id. ¶ 12.) When

law enforcement officers responded to her call, she told them that Jordan had threatened to assault her. (Id. ¶ 13.) She also told the officers that Jordan had two handguns in the house, i.e., the two handguns that she had purchased for him in 2001. (Id.) The officers retrieved the two guns, arrested Jordan, and took Plaintiff to the police station to be interviewed. (Id. ¶ 14.) The detective assigned to investigate the assault interviewed Plaintiff first. (Id. ¶ 15.)

After that first interview, Defendant Special Agent John Cashman interviewed Plaintiff regarding the handguns. (Id.) Plaintiff told Defendant that she had purchased the guns as gifts for Jordan. (Id. ¶ 16.) Defendant questioned Plaintiff regarding the purchases using "an updated and significantly different version of the [ATF] form [4473]." (Id. ¶ 17.) Defendant read Question 12(a) on the updated form to Plaintiff. (Id.) That question asked: "Are you the actual buyer of the firearm(s) listed on this form? WARNING: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm to you." (Id.) Without advising Plaintiff that he was reading from an updated version of the ATF form, not the version that she had completed and signed when she purchased the handguns, Defendant asked Plaintiff if, when she had purchased the handguns, she had truthfully answered the actual buyer question. (Id. ¶ 19.) Plaintiff answered: "Obviously, no." (Id.)

Thereafter, Defendant initiated a criminal arrest warrant and complaint against Plaintiff. (Id. ¶ 20.) In the Affidavit of Probable Cause, Defendant represented that, based on the facts and circumstances that he set forth in the Affidavit, he had probable cause to believe that an arrest warrant should be issued for Plaintiff for six felonies and two misdemeanors, all of which involved false statements to firearms dealers. (See Ex. 3 to Def.'s Mem. at 1.) Among the facts Defendant set forth in the affidavit were the following:

> During the . . . arrest of Dion Jordan . . . , [Jordan] made [a] spontaneous statement . . . that Tia Jordan had bought guns for him because he could not buy a gun. During discussions with complainant Tia Jordan, she stated to police officers that she had bought the guns for Dion because he could not buy a gun.

(Id. at 2.) Defendant also represented in the Affidavit that Plaintiff had admitted in a statement to him that, both times she had purchased a firearm, she had been untruthful in answering "yes" to Question 9(a) on the ATF form "since she was buying the firearm for Dion Jordan." (Id. at 3.)

Plaintiff alleges in her Amended Complaint, and the Affidavit itself confirms, that Defendant did not mention in the Affidavit that he had confronted Plaintiff with a different version of the ATF form than the one she had completed and signed in 2001. (Am. Compl. ¶ 20; see also Ex. 3 to Def.'s Mem.) Defendant also failed to mention in the Affidavit that Plaintiff had told Defendant that she had purchased the guns as gifts for Jordan. (Am. Compl. ¶ 20; see also Ex. 3 to Def.'s Mem.) Finally, Defendant did not mention in the Affidavit that the ATF form that Plaintiff completed and signed in 2001 included "Important Notice 1," which advised that an individual purchasing a firearm as a gift qualified as an "actual buyer." (Am. Compl. ¶ 20; see also Ex. 3 to Def.'s Mem.) Plaintiff therefore alleges that the Affidavit of Probable Cause was false and misleading. (Am. Compl. ¶ 20.)

Based on the Affidavit of Probable Cause, Plaintiff was arrested on or about March 10, 2008, and charged with two counts of criminal conspiracy in violation of 18 Pa. Cons. Stat. § 903; two counts of making material falsehoods during the purchase of a firearm in violation of the Uniform Firearms Act, 18 Pa. Cons. Stat. § 6111; two counts of tampering with public records in violation of 18 Pa. Cons. Stat. § 4911; and two counts of unsworn falsification to authorities in violation of 18 Pa. Cons. Stat. § 4904. (Id. ¶ 21.) The state court dismissed the conspiracy and Uniform Firearms Act counts prior to trial. (Id. ¶ 22.) On June 9, 2010, the state court acquitted Plaintiff of

the tampering with public records and unsworn falsification counts. (Id. ¶ 23.)

Plaintiff now asserts claims against Defendant pursuant to 42 U.S.C. § 1983 for malicious prosecution, false arrest, and violation of her due process rights, as well as a claim for violation of her civil rights under Article 1, Section 26 of the Pennsylvania Constitution. (Id. ¶ 26.) She bases all of her claims on the essential assertion that Defendant's Affidavit of Probable Cause was false and misleading and that, in actuality, there was no probable cause for her arrest and prosecution. Plaintiff asserts that, as a result of Defendant's actions, she incurred costs for legal representation, and has suffered humiliation, anguish, emotional distress, and reputational injury. (Id. ¶¶ 27-29.) As relief, Plaintiff seeks compensatory and punitive damages, as well as attorney fees and costs. (Id. ¶ 29.) Defendant has moved to dismiss the Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state any claim upon which relief may be granted.

## II. STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), we look primarily at the facts alleged in the complaint and its attachments, Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994), but we also consider documents "explicitly relied upon in the complaint." Burlington Coat Factory, 114 F.3d at 1426. We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). To be facially plausible, a claim must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In the end, we will grant a Rule 12(b)(6) motion if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

### III. DISCUSSION

#### A. Malicious Prosecution and False Arrest

Defendant argues that Plaintiff's § 1983 claims for malicious prosecution and false arrest should be dismissed for three reasons. First, he argues that the Amended Complaint does not and cannot plausibly allege that Defendant lacked probable cause to pursue her arrest and criminal prosecution. Second, he argues that he is entitled to qualified immunity. Third, he argues that he is immune under the Eleventh Amendment.

##### 1. Probable Cause

To set forth cognizable claims for malicious prosecution and false arrest, a plaintiff must

allege that the police lacked probable cause to arrest her and to initiate criminal proceedings. Pollack v. City of Phila., 403 F. App'x 664, 669 (3d Cir. 2010) (stating that § 1983 claim for false arrest requires showing that police lacked probable cause for arrest) (citing Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988)); Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007) (stating that § 1983 claim for malicious prosecution requires a showing that defendant initiated criminal proceeding without probable cause) (citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)). In false arrest cases, "'[p]robable cause exists when[] reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested.'" Pollack, 403 F. App'x at 669 (quoting United States v. Myers, 308 F.3d 251, 255 (3d Cir. 2002)). "Probable cause for purposes of malicious prosecution actions has been defined as: 'reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent man in the same situation in believing that the party is guilty of the offense.'" Napier v. City of New Castle, 407 F. App'x 578, 583 (3d Cir. 2010) (quoting Thomas v. E.J. Korvette, Inc., 476 F.2d 471, 474 (3d Cir. 1973)). In a § 1983 case, whether probable cause exists is ordinarily a question of fact for the jury. Montgomery v. De Simone, 159 F.3d 120, 124 (3d Cir. 1998).

In this case, Plaintiff does not assert that the Affidavit of Probable Cause, on its face, did not support a finding of probable cause. Rather, she asserts that the Affidavit was false and misleading because it omitted certain facts, and that a truthful and complete warrant application would not have established the requisite probable cause. To state a § 1983 claim on such a theory, Plaintiff must allege:

> (1) that the police "knowingly and deliberately, or with a reckless

> disregard for the truth, made false statements or omissions that created the falsehood in applying for the warrant;" and (2) that "such statements or omissions are material, or necessary, to the finding of probable cause."

Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000) (quoting Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997)). An officer acts with reckless disregard in omitting information from an affidavit if he omits known information that "any reasonable person would have known . . . the judge would wish to know." Id. at 788 (quotation omitted). "To determine the materiality of . . . omissions, we . . . insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause." Id. at 789 (quoting Sherwood, 113 F.3d at 400).

Here, Defendant averred in the Affidavit of Probable Cause that he had probable cause to arrest Plaintiff for four Pennsylvania crimes: criminal conspiracy, material falsehood in the purchase of a firearm, tampering with public records, and unsworn falsification to authorities. (See Ex. 3 to Def.'s Mot.) The essential factual predicate for each of these crimes was the alleged falsity of Plaintiff's statements on the two ATF Form 4473s that she signed in 2001 that she was the "actual buyer" of the firearms she was purchasing. See 18 Pa. Cons. Stat. § 6111(g)(4) (providing that it is a third degree felony to knowingly and intentionally make a materially false statement in connection with the purchase of a firearm); 18 Pa. Cons. Stat. § 4911(a)(1) (providing that an individual commits an offense if he knowingly makes a false entry in a document received by the Government); 18 Pa. Cons. Stat. § 4904(a) (providing that it is a second degree misdemeanor to make a written false statement to a public servant with the intent to mislead); 18 Pa. Cons. Stat. § 903 (providing that a person is guilty of conspiracy if he or she agrees with another person to engage in conduct that

constitutes a crime). As noted above, to establish this factual predicate, Defendant averred in the Affidavit that Plaintiff and Jordan had each stated that Plaintiff had purchased the guns for Jordan "because he could not buy a gun," and that Plaintiff "admitted . . . that she was untruthful in answering 'yes' to . . . question [9(a) of ATF-4473], since she was buying the firearm for Dion Jordan." (Ex. 3 to Def.'s Mem. at 3.)

Plaintiff alleges in her Amended Complaint that Defendant falsely and misleadingly omitted from the Affidavit of Probable Cause her statement that she had purchased the firearms as gifts for Jordan, as well as the fact that the ATF forms that Plaintiff signed in 2001 contained "Important Note 1," which told her that an individual purchasing a firearm gift for another was the "actual buyer" of the firearm. Plaintiff also alleges that Defendant falsely and misleadingly omitted from the Affidavit that, when he elicited Plaintiff's "admission" that she had "obviously" answered the actual buyer question on the ATF forms untruthfully, he was showing her a new version of the ATF form, which differed in critical ways from the version that Plaintiff twice signed in 2001.

These alleged factual omissions, if true, were plainly pertinent to the essential factual inquiry underlying the issuance of the arrest warrant, i.e., whether Plaintiff actually lied on the ATF forms. They were, in other words, just the type of information that "any reasonable person would have known . . . the judge would wish to know." Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000). We therefore conclude that the Amended Complaint sets forth sufficient facts to support a reasonable inference that Defendant acted with reckless disregard for the truth by omitting the above-mentioned information from the Affidavit of Probable Cause.

Furthermore, if, in fact, Plaintiff purchased the firearms as a gift for Jordan, using her own money, as she alleges in the Amended Complaint, it is difficult to comprehend how her "yes" answer

to Question 9(a) on the ATF form, with the clarification in "Important Notice 1," could be characterized as false. Accordingly, viewing the facts alleged in the Amended Complaint in the light most favorable to Plaintiff, we conclude that the Amended Complaint plausibly alleges that a corrected affidavit, i.e., an affidavit with the omitted facts inserted, would not have established probable cause. The Amended Complaint therefore supports a reasonable inference that the omitted facts were material to the finding of probable cause.

In sum, we conclude that Plaintiff has adequately alleged that her arrest and prosecution were not supported by probable cause, based on a theory that Defendant's Affidavit was false and misleading because it omitted certain facts that were material to the probable cause analysis. We therefore deny Defendant's Motion to Dismiss insofar as it requests dismissal of the false arrest and malicious prosecution claims for failure to plausibly allege that there was no probable cause for Plaintiff's arrest and prosecution.

### 2. Qualified Immunity

Defendant argues, in the alternative, that we should dismiss the false arrest and malicious prosecution claims because he is entitled to qualified immunity. Under the qualified immunity doctrine, "law enforcement officers acting within their professional capacity are generally immune from trial 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Russo, 212 F.3d 781, 786 (3d Cir. 2000) (quoting Wilson v. Layne, 526 U.S. 603, 614 (1999)). In assessing the viability of a qualified immunity defense, we perform a two-step analysis. First, we ask "'whether the plaintiff has alleged the deprivation of an actual constitutional right.'" Id. (quoting Conn v. Gabbert, 526 U.S. 286, 290 (1999)). Second, we ask "'whether that right was clearly established at the time of

the alleged violation.'" Id. (quoting Conn, 526 U.S. at 290)). A motion to dismiss based on qualified immunity should be denied if there is "any set of facts plaintiff can prove that would support a denial of immunity." Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992) (citing Robb v. Philadelphia, 733 F.2d 286 (3d Cir. 1984)).

As detailed above, we have already concluded that Plaintiff has plausibly alleged that a corrected affidavit would not have established probable cause. Moreover, Defendant concedes that "the right to be free from arrest and prosecution without probable cause is clearly established." (Def.'s Mem. at 12.) Defendant nevertheless argues that he is entitled to qualified immunity because he acted in a way that he reasonably believed to be lawful. See Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995) (explaining that, even though the right free from arrest except on probable cause is clearly established, police officers will not be held personally liable if they "act in ways they reasonably believe to be lawful") (citing Anderson v. Creighton, 483 U.S. 635, 641 (1987)). In this regard, he emphasizes that, as noted in the Affidavit of Probable Cause, Plaintiff not only admitted to him that she had lied on the ATF form but, in addition, both she and Jordan told him that she had purchased the guns "because [Jordan] could not buy a gun." (Ex. 3 to Def.'s Mem. at 2.) Defendant essentially argues that, based on these two facts, he reasonably believed that he had probable cause to arrest Plaintiff. Plaintiff, however, has plausibly alleged that Defendant recklessly disregarded other material, exculpatory facts.

Ultimately, the viability of Defendant's qualified defense will turn on the reasonableness of his belief that he had probable cause based on "the information that [Defendant] had available to [him]" at the time he completed the Affidavit. Orsatti, 71 F.3d at 484. Because Plaintiff has plausibly alleged that, at the time Defendant completed the Affidavit, he knew facts that should have

changed his assessment of probable cause, she has adequately alleged that Defendant did not act reasonably but, rather, unreasonably disregarded known, exculpatory information. Accordingly, we will not dismiss Plaintiff's claims at this stage based on qualified immunity. Rather, we will permit Plaintiff an opportunity to develop record evidence to support her plausible allegations that Defendant knowingly disregarded material facts and, therefore, did not act reasonably. See, e.g., Greunke v. Siep, 225 F.3d 290, 299-300 (3d Cir. 2000) (stating that determining "'whether a reasonable public official would know that his or her *specific conduct* violated clearly established rights'" requires "fact-intensive analysis") (quoting and citing Grant v. City of Pittsburgh, 98 F.3d 116, 121 (3d Cir. 1996)). Consequently, we deny Defendant's Motion to Dismiss insofar as it seeks dismissal of Plaintiff's false arrest and malicious prosecution claims on the basis of qualified immunity.

### 3. Absolute Immunity

Defendant also argues that we should dismiss Plaintiff's § 1983 claims because he is entitled to absolute immunity under the Eleventh Amendment. The Eleventh Amendment prohibits a plaintiff from bringing suit against an unconsenting state in federal court. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 58 (1996). This immunity applies not only to the state itself, but also to "entities which are arms of the state," Studli v. Children & Youth Servs., Civ. A. No. 05-374J, 2006 WL 1233708, at *5 (W.D. Pa. May 9, 2006) (quotation marks omitted) (citing Kentucky v. Graham, 473 U.S. 159 (1985)), as well as to the officials of such entities, acting in their official capacities. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Defendant argues in his Motion to Dismiss that Plaintiff has alleged that he is an official of the Pennsylvania Office of the Attorney General, which is an agency of the Commonwealth of Pennsylvania. (Def.'s Mem. at 16 (citing,

inter alia, 71 Pa. Stat. Ann. § 732-201, and Kreiger v. Pa. Office of Attorney Gen., 44 F. App'x. 537 (3d Cir. 2002).) He therefore contends that he is entitled to Eleventh Amendment immunity from Plaintiff's suit, at least insofar as it seeks to hold him liable in his official capacity.

Defendant, however, ignores the fact that Plaintiff does not unequivocally allege that he is an agent of the Office of the Attorney General; rather, she alleges that he was, at all relevant times, either an agent with the Office of the Attorney General or an agent with the Philadelphia District Attorney's Office Gun Violence Task Force. (Am. Compl. ¶ 2.) "The Supreme Court has long held that counties, municipalities and political subdivisions of a state are not protected by the Eleventh Amendment." Febres v. Camden Bd. of Educ., 445 F.3d 227, 229 (3d Cir. 2006) (citing Mt. Healthy City Achool Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977), and Bolden v. SEPTA, 953 F.2d 807, 814 (3d Cir. 1991)). Defendant does not advance any argument that he would be entitled to Eleventh Amendment immunity if he is deemed an agent of the Philadelphia District Attorney's Office. Under these circumstances, there appears to be a factual issue as to Defendant's employment status that prevents us from determining whether Defendant is absolutely immune. C.f. Woodham v. Dubas, 256 F. App'x 571, 575-76 (3d Cir. 2007) (holding that District Court erred in granting summary judgment for the defendant on Eleventh Amendment grounds where it remained unclear whether the defendant acted as an agent of the Pennsylvania Attorney General's Office or as an agent of the local police force). Accordingly, we deny Defendant's Motion to Dismiss insofar as it seeks dismissal of Plaintiff's claims on Eleventh Amendment grounds.

We therefore reject all three arguments that Defendant has made for dismissal of Plaintiff's false arrest and malicious prosecution claims, and decline to dismiss those claims for failure to state claims upon which relief may be granted.

B.     **Due Process Claim**

Defendant argues that we should dismiss Plaintiff's § 1983 claim for violation of her due process rights, because Plaintiff has not adequately alleged the basis for the due process claim and, indeed, does not even specify whether her claim involves procedural or substantive due process. Significantly, Plaintiff does not respond to this argument. Moreover, we, like Defendant, are unable to discern any basis for Plaintiff's due process claim in the factual allegations of the Amended Complaint.[2] Accordingly, we grant Defendant's Motion to Dismiss insofar as it seeks dismissal of Plaintiff's § 1983 claim for violation of due process.

C.     **Pennsylvania State Constitution Claims**

Defendant also argues that we should dismiss Plaintiff's claim for violation of her rights under Article 1, Section 26 of the Pennsylvania Constitution, because she seeks as a remedy only monetary damages. There is, in fact, no right to monetary damages for an alleged violation of the Pennsylvania Constitution. Bussinger v. Phila. Prison Sys., Civ. A. No. 07-3994, 2009 WL 2393927, at *6 (E.D. Pa. Aug. 3, 2009) (citing Jones v. City of Phila., 890 A.2d 1188 (Pa. Commw. Ct. 2006)); Harris v. Paige, Civ. A. No. 08-2126, 2009 WL 3030216, at *4 (E.D. Pa. Sept. 22, 2009) (citations omitted). We therefore grant Defendant's Motion to Dismiss insofar as it seeks dismissal

---

[2]Indeed, the only facts in the Complaint are those on which Plaintiff bases her false arrest and malicious prosecution claims, which arise under the Fourth Amendment. Moreover, it is well established that a Fourteenth Amendment "due process analysis is inappropriate" when another "specific constitutional amendment" is applicable. Williams v. City of Phila., Civ. A. No. 09-4826, 2010 WL 4181873, at * 5 (E.D. Pa. Oct. 22, 2010); see also id. ("[B]ecause [defendant's] claims for malicious prosecution . . . and false arrest . . . invoke the Fourth Amendment, [defendant] cannot resort to Fourteenth Amendment due process principles." (quotation omitted)); Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 260 (3d Cir. 2010) ("'[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth . . . Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" (quoting United States v. Lanier, 520 U.S. 259, 272 n.7 (1997)).

of Plaintiff's claim for damages based on a violation of Article 1, Section 26 of the Pennsylvania Constitution.

## IV. CONCLUSION

For the foregoing reasons, we grant Defendant's Motion to Dismiss the Amended Complaint insofar as it seeks dismissal of the § 1983 claim for violation of Plaintiff's due process rights and dismissal of Plaintiff's claims under Article 1, Section 26 of the Pennsylvania Constitution.[3] We deny the Motion in all other respects.

An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

John R. Padova, J.

---

[3] Plaintiff has not requested leave to amend these claims. Moreover, even if she had, we would deny that request because the claims are futile for the reasons set forth in this Memorandum.